BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     v.<br><br>APPROXIMATELY $122,000.00 IN U.S. CURRENCY,<br><br>             Defendant. | 2:13-MC-00072-MCE-AC<br><br>CONSENT JUDGMENT OF FORFEITURE |

     Pursuant to the Stipulation for Consent Judgment of Forfeiture, ECF No. 10, the Court finds:

     1.     On or about February 6, 2013, the Butte County Sheriff's Office seized Approximately $122,000.00 in U.S. Currency (the "defendant currency") from Gregory Thomas Phelan ("Phelan") at 31 Dagorret Lane, Oroville, California.  The U.S. Postal Inspection Service ("USPIS") adopted the defendant currency for federal forfeiture on March 4, 2013.

     2.     The USPIS commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others.  On or about May 6, 2013, the USPIS received a claim from Phelan asserting an ownership interest in the defendant currency.

Consent Judgment of Forfeiture

3. The United States represents that it could show at a forfeiture trial that on at least five occasions prior to February 4, 2013, Phelan used the U.S. Postal Service to ship packages containing processed marijuana from the Eastern District of California to the Detroit, Michigan, area. Each of these five packages contained at least one pound of processed marijuana. On February 4, 2013, the USPIS in Detroit, Michigan, intercepted a package containing approximately five pounds of processed marijuana. The USPIS subsequently conducted a controlled delivery of the package to the addressee, an individual named David Kuhs. After his arrest, David Kuhs agreed to speak to law enforcement agents. During his interview, Kuhs informed the agents that Phelan had sent him the intercepted package containing five pounds of marijuana. Moreover, Kuhs stated Phelan had sent him numerous packages of processed marijuana over the last year. Kuhs explained that Phelan had previously directed him to send payment for the marijuana in advance to P.O. Box 6036 in Oroville, California. He further stated that he would send Phelan between $15,000 and $25,000 per shipment of marijuana via Express Mail. Once the money was received, Phelan sent processed marijuana back to Kuhs in Michigan. Kuhs paid Phelan approximately $2,000 to $3,000 per pound of marijuana.

4. The United States represents that it could show at a forfeiture trial that agents executed a search warrant for the Phelan's residence in Oroville on February 6, 2013. During the search of his residence, agents located 44 marijuana plants, 42.3 pounds of marijuana, 39 firearms, and the defendant currency. Moreover, in Phelan's bedroom closet, agents located a piece of a mailing box with the name and address of "D. Kuhs, P.O. Box 133, Ortonville, MI 48462" written on it. Phelan agreed and stipulated that he knowingly and intentionally possessed the marijuana located at his residence on February 6, 2013, and that he possessed the marijuana with the intent to distribute it. Moreover, Phelan agreed and stipulated that he possessed and intended to distribute to David Kuhs the five pounds of processed marijuana that was intercepted by law enforcement on February 4, 2013.

5. The United States could further show at a forfeiture trial that the defendant

currency is forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6).

6. Without admitting the truth of the factual assertions contained above, Gregory Thomas Phelan and Laura Phelan (collectively as "claimants") specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimants agree that an adequate factual basis exists to support forfeiture of the defendant currency.  Claimants hereby acknowledge that they are the sole owners of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimants shall hold harmless and indemnify the United States, as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

9. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

10. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

11. Upon entry of this Consent Judgment of Forfeiture, $99,000.00 of the Approximately $122,000.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

12. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $23,000.00 of the Approximately $122,000.00 in U.S. Currency shall be

returned to claimant Gregory Thomas Phelan.

13. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimants waived the provisions of California Civil Code § 1542.

14. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

15. All parties will bear their own costs and attorney's fees.

16. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated: June 24, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT